HONORABLE KAREN A. OVERSTREET

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

ENTELLIUM CORPORATION
1011 Western Ave., #800
Seattle, WA 98104
Tax ID 20-0596005,

           Debtor.

ENTELLIUM N.A.
1011 Western Ave., #800
Seattle, WA 98104
Tax ID 98-0388185,

           Debtor.

Lead Case No. 08-18286
(Administratively Consolidated with
08-18287)

EX PARTE MOTION TO SHORTEN
TIME FOR HEARING ON EMERGENCY
MOTIONS AND LIMITING NOTICE
THEREON

     The above-captioned debtors-in-possession herein ("Debtors"), move the Court for an order shortening the time for hearing on the Debtors' following emergency motions ("Emergency Motions"):

        1.     Debtors' Emergency Motion for Case Management Order ("Case Management Motion");

EX PARTE MOTION TO SHORTEN TIME FOR HEARING ON
EMERGENCY MOTIONS AND LIMITING NOTICE THEREON –
Page 1

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2. Emergency Motion for Interim and Final Approval of Stipulation and Order (A) Authorizing Post-Petition Financing, (B) Authorizing Use of Cash Collateral, (C) Granting Security Interests Pursuant to 11 U.S.C. §§ 361, 363 and 364 and (D) Granting Additional Relief ("DIP/Cash Collateral Motion").

3. Debtors' Emergency Motion for Order Authorizing the Debtors (I) to Pay Prepetition Wages and Salaries to Employees, (II) to pay Prepetition Benefits and Continue Benefit Programs in the Ordinary Course and (III) Directing Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations and Associated Costs ("Employee Wage Motion");

4. Motion for Authority to Continue to Use Existing Cash Management System and Prepetition Bank Accounts ("Cash Management Motion");

5. Debtors' Emergency Motion for Order Approving Proposed Adequate Assurance Pursuant to Bankruptcy Code Section 366 ("Utility Motion"); and

6. Motion for Order Approving Employee Retention Plan ("Employee Retention Motion").

This Motion is based on the records and files herein, and on the Declaration of Sonya Huntziger in Support of First Day Motions ("Huntzinger Declaration.").

## I. BACKGROUND AND REQUESTED RELIEF

**A. The Debtors and their Operations**

The Debtors commenced these cases on December 2, 2008 (the "Petition Date"), have retained control over their assets, and continue to operate their business pursuant to §§ 1107 and 1108 of the Bankruptcy Code. Huntzinger Decl.

Entellium Corporation, a Delaware Corporation, is the 100% owner of Entellium N.A., a Nevada Corporation headquartered in Seattle, Washington. Entellium Corporation is also the 100% owner of Entellium Technologies Sdn Bhd ("Entellium Malaysia"), a Malaysian corporation, Entellium Asia Pte Ltd. ("Entellium Asia"), a Singapore corporation, and Entellium U.K. Ltd., an English corporation. Together, these five companies are referred to herein as the "Entellium Companies" and each individually an "Entellium Company."

EX PARTE MOTION TO SHORTEN TIME FOR HEARING ON EMERGENCY MOTIONS AND LIMITING NOTICE THEREON – Page 2

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

The Entellium Companies develop and sell customer relationship management ("CRM") software for managing marketing, sales and customer service departments (the "Business") as follows:

- Entellium Malaysia provides research and development and customer support for the Business.
- Entellium Asia has previously been the home of the Entellium Companies' sales and marketing organization in Asia.
- Entellium N.A. provides the sales and marketing for North America.

North America is the largest market in the world for CRM hosted software. The expansion of the Entellium Companies into North America occurred in 2003, and was led by Paul Johnston ("Johnston"), who was then president and CEO of Entellium Corporation. Entellium Corporation funded the North America expansion through raising substantial sums of money from investors.

On September 26, 2008, it was discovered that CEO Johnston and Parrish Jones ("Jones"), the Chief Financial Officer of Entellium Corporation, had been keeping two sets of financial records for Entellium Corporation. One reflected accurate data, and the other reflected grossly inflated revenue and was used to obtain tens of millions of dollars from investors. Johnston and Jones abruptly resigned from their positions with the company on September 30, 2008. Entellium Corporation reported the matter to the United States Attorney's office on October 3, 2008. The United States Attorney filed a complaint against Johnston and Jones in the United States District Court for the Western District of Washington on October 7, 2008 alleging violation of federal law. As a result, the Entellium Companies lost the support and confidence of their investors.

Given these circumstances, and without investor support, the Entellium Companies are not able to operate profitably on a long-term basis. Since the resignation of Johnston and Jones, Entellium N.A. laid off 114 of its employees and the Debtors did not pursue finding a replacement CEO or CFO. Rather, the Debtors have determined that the best way to maximize the value of the

EX PARTE MOTION TO SHORTEN TIME FOR HEARING ON EMERGENCY MOTIONS AND LIMITING NOTICE THEREON – Page 3

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Business is through a sale of their CRM-related intellectual property assets as part of a going concern under section 363 of the Bankruptcy Code. As part of this effort, in late November 2008, Entellium Malaysia and Entellium Asia transferred their assets to Entellium Corporation. Thus, all of the assets of the Entellium Companies now reside in the Debtors.

The Debtors have negotiated a sale of its assets as part of a going concern Business to Intuit Inc. ("Intuit"). A motion for approval of the sale is being filed contemporaneously herewith.

**B.     Exigent Circumstances for Emergency Motions**

1.     <u>Case Management Motion</u>. It is necessary that the Case Management Motion be heard on an emergency basis in order to limit the extensive administrative expenses of these Chapter 11 cases. That motion seeks to establish noticing procedures in these cases in which there are in excess of 900 creditors and other parties-in-interest.

2.     <u>DIP/Cash Collateral Motion</u>. The DIP/Cash Collateral Motion must be heard on an emergency basis to avoid irreparable harm to the Debtors and their estates. Without immediate use of cash collateral and the proposed post-petition financing, the Debtors will not have the funds necessary pursuant to the proposed budget to pay post-petition payroll, payroll taxes, trade vendors, suppliers, overhead and other expenses necessary for the continued operation of the Debtors' business and the management and preservation of the Debtors' assets and properties. The Debtors need access to the proposed postpetition financing to continue ongoing operations without further disruption.

3.     <u>Employee Wage Motion</u>. The Employee Wage Motion must be heard on an emergency basis because the Debtors' ability to continue to honor their pre-petition employee obligations is vital to the post-petition stability of the workforce of approximately 13 employees. Any delay in payments of wages and other compensation to employees will impact the Debtors' relationship with essential workers and may irreparably harm employee morale, dedication,

EX PARTE MOTION TO SHORTEN TIME FOR HEARING ON EMERGENCY MOTIONS AND LIMITING NOTICE THEREON – Page 4

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

confidence and cooperation. The support and efforts of the Debtors' workforce during the pendency of the Debtor's Chapter 11 case are critical to the Debtors' successful reorganization.

4. <u>Cash Management Motion</u>. The Cash Management Motion must be heard on an emergency basis because the Debtors' ability to continue to use the existing cash management system, bank accounts and business forms, and to maintain intercompany arrangements and historical practices is critical to the Debtors' continued operations postpetition.

5. <u>Utility Motion</u>. It is necessary that the Utility Motion be heard on an emergency basis in order to ensure uninterrupted utility service, which are necessary to the Debtors' ongoing operations and, therefore, to the success of the Debtors' reorganization. By the Utility Motion, the Debtors seek, among other relief, entry of an order determining that their utility providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code, pending the entry of a final order, and approving procedures whereby utility providers may request additional or different adequate assurance.

6. <u>Employee Retention Motion</u>. It is necessary that the Employee Retention be heard on an emergency basis so that employees receive assurance that they will receive the retention proposed to incentivize them to remain with the Debtors through the sale of the Debtor's assets as a going concern.

C. **Limiting Notice on Emergency Motions**

There are in excess of 900 creditors and other parties-in-interest in these cases. In order to limit administrative expenses, the Debtors seek to limit notice of the Emergency Motions to: (i) the principal parties in the case, including the Debtors' secured lenders and their counsel, if any; (ii) counsel for the proposed purchaser of the Debtors' assets, Intuit, Inc.; (iii) the United States Attorney's Office; (iv) the State of Washington, Bankruptcy and Collections Unit; (v) the Office of the U.S.

EX PARTE MOTION TO SHORTEN TIME FOR HEARING ON EMERGENCY MOTIONS AND LIMITING NOTICE THEREON – Page 5

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Trustee; (vi) the top 20 unsecured creditors in each of the Debtors' cases; and (vii) parties who have filed a request for Special Notice, and (viii) parties with respect to which direct relief is being sought.

## II. CONCLUSION

Based on the foregoing, Debtors respectfully request that the Court grant this ex parte Motion and shorten the time for hearing on the Emergency Motions to Thursday, December 4, 2008 at 2:00 p.m. with the response deadline at the time of hearing. The Debtors further request that the Court limit the requirement of notice of the Emergency Motions to the parties specified above.

DATED this 2nd day of December, 2008.

BUSH STROUT & KORNFELD               KARR TUTTLE CAMPBELL


By    /s/ Katriana L. Samiljan                By    /s/ George S. Treperinas
   Christine M. Tobin, WSBA #27628             George S. Treperinas, WSBA #15434
   Katriana L. Samiljan, WSBA #28672        Attorneys for Entellium, N.A.
Attorneys for Entellium Corporation

EX PARTE MOTION TO SHORTEN TIME FOR HEARING ON EMERGENCY MOTIONS AND LIMITING NOTICE THEREON – Page 6

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1606 28001 tk200607