1

HONORABLE KAREN A. OVERSTREET

2

3

FILED
Western District Washington

4

JAN 21 2009

5

U.S. Bankruptcy Court

6

7

8

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

9

10

In re

ENTELLIUM CORPORATION
1011 Western Ave., #800
Seattle, WA 98104
Tax ID 20-0596005,

                    Debtor.

Lead Case No. 08-18286
(Administratively Consolidated with
08-18287)

ORDER APPROVING (A) SALE,
PURSUANT TO AN AUCTION, OF
SUBSTANTIALLY ALL OF DEBTORS'
ASSETS AND BUSINESS FREE AND
CLEAR OF LIENS;
(B) BIDDING, NOTICE AND SALE
PROCEDURES;
(C) ASSUMPTION AND ASSIGNMENT
OF CONTRACTS;
(D) REJECTION OF CERTAIN
CUSTOMER CONTRACTS;
(E) PAYMENT FROM SALE PROCEEDS
OF: (a) SVB SECURED CLAIM, AND (b) CERTAIN CURE COSTS; AND (a) SVB Guarantee Amount, AND (b)
(F) ADDITIONAL RELIEF

11

ENTELLIUM N.A.
1011 Western Ave., #800
Seattle, WA 98104
Tax ID 98-0388185,

                    Debtor.

12

13

14

15

16

17

18

19

20

The Motion for Approval of: (i) Sale, Pursuant to an Auction, of Substantially All of Debtors'

21

Assets and Business Free and Clear of Liens; (ii) Bidding, Notice Procedures and Sale; (iii)

22

Assumption and Assignment of Contracts; (iv) Rejection of Certain Customer Contracts; (v) Payment

23

SALE ORDER – Page 1

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ORIGINAL

from Sale Proceeds of (a) SVB Secured Claim, and (b) Certain Cure Costs; and (vi) Additional Relief (the "Sale Motion") filed by Entellium Corporation ("Parent") and Entellium N.A. (together with Parent, the "Debtors"), the debtors and debtors in possession in the above captioned cases, came for hearing on January 21, 2009 at 9:30 am (pt) (the "Sale Hearing") before the Honorable Karen A. Overstreet, United States Bankruptcy Judge for the Western District of Washington, Seattle Division, in Courtroom 7206, located at 700 Stewart Street, Seattle Washington.

**NOW, THEREFORE**, the Court having entered its "Order Approving Bidding Procedures" (the "Procedures Order") and having considered (i) the Sale Motion, (ii) the Debtors' report on auction results reporting that the highest, best and only bid made at the Auction (as defined in the Procedures Order) was made by Intuit Inc. (the "Buyer") and stating that the Debtors request that the Court approve the sale to the Buyer of the assets specified in that certain Asset Purchase Agreement, dated as of November 23, 2008, as amended by that certain First Amendment to Asset Purchase Agreement, dated as of January 15, 2008, and together with all other amendments thereto, a true and correct copy of which is attached hereto as Exhibit A (the "APA"[1]), and (iii) the pleadings and papers filed in support of the Sale Motion, including, without limitation, the Debtors' Response to Declaration of Raveentheran Suntheralingam Opposing Motion for Approval of Inter Alia the Sale Pursuant to Auction of Substantially all of Debtors' Assets and Business Free and Clear of Liens [Docket No. 163], and the Declarations of Jonathan Roberts, Angus Thomson, Chien Ch'eng Lim and Melisah Wojtacha in support of the Sale Motion [Docket Nos. 25, 160, 161 and 162]. Pursuant to the APA the Debtors have agreed to, among other things, (i) assume, assign and sell to the Buyer, pursuant to section 365 of Title 11 of the United States Code (11 U.S.C. §§ 101 et seq., the "Bankruptcy Code"), the Assumed Contracts, subject to the terms of the APA, and (ii) sell to the

---

[1] All otherwise undefined capitalized terms used herein having the meaning provided in the Sale Motion.

SALE ORDER – Page 2

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Buyer, pursuant to section 363 of the Bankruptcy Code, all of the Acquired Assets, as such transactions (collectively, the "Sale") are more fully set forth in the APA. The Court having also considered the evidence proffered or adduced at, memorandum, objections, replies and statements filed in connection with, and arguments of counsel made at, the Sale Hearing, including, without limitation, the Objection of IdentityMine, Inc. to Debtors' Proposed Cure Amount under Executory Contract and Conditional Objection to Sale of Certain Software [Docket No. 111], the Declaration of Raveentheran Suntheralingam Opposing Motion for Approval of Inter Alia the Sale Pursuant to an Auction of Substantially all of Debtors' Assets and Business Free and Clear of Liens (and the motions made therein) [Docket No. 126] (the "Suntheralingam Declaration"), the Notice of Objection to Assignment and Assumption of Contract filed by Muze Inc. [Docket No. 147], the Limited Response to Form of Proposed Order Approving Sale as to Allocation of Purchase Price Between Debtors filed by Debtor Entellium N.A. [Docket No. 154], the Amended Limited Response of Creditors Committee for Entellium N.A. to Debtors' Motion for Approval of Sale of Substantially all of Debtors' Assets, with Supporting Declaration of Geoffrey Groshong [Docket No. 155], SVB's Reply to Limited Response Submitted by the Committee [Docket No. 156] and Entellium Malaysia's Ex-Employees' Response to Motion for Approval of Sale of Property [Docket No. 157]; and upon the entire record of the Sale Hearing and this case; and good cause appearing thereof;

IT IS HEREBY FOUND AND CONCLUDED, pursuant to Bankruptcy Rules 7052 and 9014, that:

A.    Voluntary petitions under chapter 11 of the Bankruptcy Code were filed by the Debtors on December 2, 2008.

B.    The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of these chapter 11 cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

SALE ORDER – Page 3

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

C. The Debtors have followed the procedures set forth in the Procedures Order for giving notice of the Sale Motion and the Sale Hearing and the assumption and assignment of the Assumed Contracts.

D. The bidding procedures established by the Procedures Order (the "Bidding Procedures") have been fully complied with in all material respects.

E. Proper, timely, adequate and sufficient notice of the Sale Motion, the Sale Hearing, the Sale and the assumption and assignment of the Assumed Contracts has been provided in accordance with sections 102(1), 105(a), 363 and 365 of the Bankruptcy Code, Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 9013-1 and in compliance with the Bidding Procedures, such notice was good and sufficient, and appropriate under the particular circumstances, and no other or further notice of the Sale Motion, the Sale Hearing, the Sale and the assumption and assignment of the Assumed Contracts, the rejection of any contracts, licenses and agreements pursuant to Section 5.3(e) of the APA (the "Rejected Contracts") or the entry of this Sale Order is required.

F. A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities.

G. Creditors, parties-in-interest and other entities have been afforded a reasonable opportunity to bid for the Acquired Assets under the Bidding Procedures. The Debtors marketed the Acquired Assets and conducted the sale process in compliance with the Procedures Order, Bidding Procedures, the other Orders of this Court and the requirements of applicable law. Other than the offer of Intuit as set forth in the APA, the Debtors received no bids by the bidding deadline established in the Procedures Order and the Bidding Procedures, and no bids have been received as of the date hereof. Consequently, the Debtors determined that the bid of the Buyer as set forth in the APA is the highest, best and only bid for the Acquired Assets.

SALE ORDER – Page 4

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

H. The Buyer is a Qualified Bidder, and the bid submitted by the Buyer as reflected in the APA is the highest and best offer for the Acquired Assets. The consideration to be paid by the Buyer under the APA constitutes reasonably equivalent value for the Acquired Assets and the other consideration being offered by the Debtors under the APA.

I. The APA, and the transactions provided for therein, reflects the exercise of the Debtors' sound business judgment.

J. The Debtors have full corporate power and authority to execute the APA and all other documents contemplated thereby, and the sale of the Acquired Assets has been duly and validly authorized by all necessary corporate action of the Debtors. The Debtors have all the corporate power and authority necessary to consummate the transactions contemplated by the APA, including, without limitation, the Sale.

K. Approval at this time of the APA and consummation of the Sale, including, without limitation, the assumption and assignment of the Assumed Contracts, is in the best interests of the Debtors and their creditors and estates.

L. The Debtors have demonstrated good, sufficient and sound business purpose and justification for the Sale. The Debtors have also demonstrated compelling circumstances for the Sale and the assumption and assignment of the Assumed Contracts, without the filing and confirmation of a plan of reorganization or liquidation in these cases, including, without limitation, the Debtors have insufficient financing to continue their on-going business operations and, as a result, the value of the Acquired Assets is likely to depreciate rapidly in the absence of the Sale.

M. The APA was negotiated, proposed and entered into by the Debtors and the Buyer without collusion, in good faith, and from arm's-length bargaining positions. None of the Debtors or the Buyer has engaged in any conduct that would cause or permit the APA or the Sale to be avoided under section 363(n) of the Bankruptcy Code. The Buyer is not an "insider" of either of the Debtors or any of their affiliates as that term is defined in section 101(31) of the Bankruptcy Code.

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

N.     The terms of the agreements, arrangements and transactions (including, without limitation, those agreements, arrangements and transactions that are to be entered into and/or consummated after the Closing Date) between the Buyer and certain employees, listed in Schedule 6.2(h) of the APA, as employees to be retained by Buyer, in its sole discretion, as a Condition to Closing pursuant to Section 6.2(h) of the APA, have been disclosed to the Court and interested parties. These agreements, arrangements and contemplated transactions are supported by valid business justifications, do not prejudice the Debtors or their estates and were entered into in good faith and not with the intent to control the sale price of the Acquired Assets or engage in any collusive conduct. These agreements, arrangements and contemplated transactions did not have the effect of controlling the sale price of the Acquired Assets.

O.     The Buyer is a good faith Buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. The Buyer will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the APA. The APA was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States or any state, territory, possession or district thereof.

P.     The terms and conditions of the APA and the purchase price thereunder (i) are fair and reasonable, (ii) represent the highest and best offer for the Acquired Assets, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other practical alternative and (iv) constitute fair consideration.

Q.     The Debtors may sell the Acquired Assets, including, without limitation, those Acquired Assets that they acquired pre-petition from Entellium Technologies Sdn Bhd ("Entellium Malaysia"), free and clear of all Claims (as defined below), interests and other Encumbrances of any kind or nature whatsoever because, in each case, one or more of the requirements set forth in section 363(f) of the Bankruptcy Code has been satisfied. Specifically, subsection 363(f)(5) ("such entity

SALE ORDER – Page 6

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest") is satisfied because Washington law authorizes a general receiver to sell property free and clear of liens "whether or not the sale will generate proceeds sufficient to fully satisfy all claims secured by the property." RCW 7.60.260. The interests of non-debtor parties with Encumbrances of any kind or nature whatsoever in the Acquired Assets are adequately protected, because such Encumbrances shall attach to the proceeds of the sale of the Acquired Assets to the same extent (and in the same priority and subject to the same limitations) as such Encumbrances attached to the Acquired Assets immediately before the sale. Those non-debtor parties with Encumbrances of any kind or nature whatsoever in the Acquired Assets who did not object, or who withdrew their objections, to the Sale and the assumption and assignment of the Assumed Contracts are deemed to have consented pursuant to sections 363(f)(2) and 365 of the Bankruptcy Code. Those non-debtor parties with Encumbrances of any kind or nature whatsoever in the Acquired Assets who did object fall within one or more of the other subsections of sections 363(f) and 365.

R.     The sale of the Acquired Assets to the Buyer is a prerequisite to the Debtors' ability to confirm and consummate a plan of liquidation.

S.     The transfer of the Acquired Assets to the Buyer will vest the Buyer with good and marketable title to the Acquired Assets, including, without limitation, those Acquired Assets that the Debtors acquired pre-petition from Entellium Malaysia.

T.     Consummation of the Sale, including, without limitation, the transfer of the Acquired Assets to the Buyer will not subject the Buyer to any Claims of any kind or nature whatsoever, whether known or unknown, contingent or otherwise, existing as of the date hereof or hereafter arising, of or against the Debtors, any affiliate of the Debtors, or any other person by reason of such transfers and assignments, including, without limitation, any Claims asserted by any current or former employees or other creditors of Entellium Malaysia and any Claims based on any theory of

SALE ORDER – Page 7

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

antitrust or successor or transferee liability, except that the Buyer shall only be liable for payment of the liabilities assumed in Section 1.4 of the APA.

U.     The Buyer will not consummate the Sale, the assumption and assignment of the Assumed Contracts and other transactions contemplated thereby if the Sale of the Acquired Assets to the Buyer is not free and clear of all Encumbrances or if the Buyer would, or in the future could, be liable for any Encumbrances of any kind or nature whatsoever.

V.     Under section 365 of the Bankruptcy Code, the only amounts (including, without limitation, cure costs) that must be paid in order for the Debtors to assume and assign the Assumed Contracts to the Buyer are set forth on Exhibit B hereto.

W.     Each of the Debtors and/or Buyer, as applicable in accordance with the APA, has (i) cured, or provided adequate assurance of curing, any default existing prior to the date hereof under each of the Assumed Contracts, within the meaning of Section 365(b)(1)(A) of the Bankruptcy Code, (ii) provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assumed Contracts, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code, and (iii) provided adequate assurance of Buyer's future performance under the Assumed Contracts, within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

X.     Buyer's undertaking to fulfill all future performance obligations under the Assumed Contracts, upon the assumption and assignment to Buyer thereof, is hereby found to be adequate assurance of future performance under section 365(f)(2)(B) of the Bankruptcy Code.

Y.     No defaults exist in the Debtors' performance under any of the Assumed Contracts as of the date of this Sale Order other than the failure to pay amounts equal to the Cure Amounts set forth in Exhibit B hereto or defaults that are not required to be cured as contemplated in section 365(b)(1)(A) of the Bankruptcy Code.

SALE ORDER – Page 8

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Z.     The Debtors have demonstrated a good, sufficient and sound business purpose and justification for the rejection of the Rejected Contracts. Rejection of the Rejected Contracts will not give any person or entity any rights, remedies or claims against Buyer, including, without limitation, any rights under section 365(n) of the Bankruptcy Code, or otherwise result in the creation or preservation of any such right, remedy or claim against Buyer.

AA.     There is no legal or equitable reason to delay the Sale. Cause exists not to apply the automatic ten (10) day stay imposed by Bankruptcy Rules 6004(g) and 6006(d).

To the extent any of the foregoing findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the foregoing conclusions of law constitute findings of fact, they are adopted as such.

**IT HEREBY IS ORDERED, ADJUDGED AND DECREED** as follows:

1.     The Sale Motion is granted in all respects. All objections to the Sale Motion any declarations opposing the Sale Motion, relating to those matters necessary for approval of the Sale Motion, and entry of this Sale Order, if any, that have not been withdrawn, waived or settled are hereby overruled on the merits. In furtherance, and not in limitation of the foregoing, the Suntheralingam Declaration, to the extent it constitutes an objection to the Sale Motion or any of the other relief granted herein, is hereby overruled on the merits. All persons and entities given notice of the Sale Motion that failed to timely object thereto are deemed to consent to the relief sought therein including without limitation all non-debtor parties to the Assumed Contracts.

2.     The APA and the transactions contemplated thereby, including, without limitation, the Sale, are hereby approved in all respects. Debtors have good and valid title to the Acquired Assets and the transfer of the Acquired Assets by Debtors to the Buyer shall be a legal, valid and effective transfer of the Acquired Assets. The Closing of the Sale and the other transactions contemplated thereby are hereby approved and authorized under section 363(b) of the Bankruptcy Code.

SALE ORDER – Page 9

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

3. Pursuant to section 365 of the Bankruptcy Code, effective as of the Closing, the Debtors shall (i) assume and assign to Buyer the Assumed Contracts identified on Exhibit B hereto free and clear of all Encumbrances and Claims, including, without limitation, any Encumbrances and Claims that have been or might be asserted by any current or former employee or other creditor of Entellium Malaysia, unless otherwise provided by Section 1.4 of the APA and (ii) execute and deliver to the Buyer such documents or other instruments as may be necessary to assign and transfer such Assumed Contracts to the Buyer as contemplated by the APA. Buyer may, in its sole discretion at any time prior to the Closing, remove any Contract from Exhibit B, in which case such Contract shall not be an Assumed Contract, but rather shall be an Excluded Asset. Upon assumption and assignment to Buyer of the Assumed Contracts, the Debtors are relieved from any and all liability for any breach of any Assumed Contract occurring after such assignment as provided for under Section 365(k) of the Bankruptcy Code.

4. At Closing, the Buyer shall cause IdentityMine, Inc. to be paid $102,530.58 out of the Purchase Price in satisfaction of certain debts owed under that certain Master Services Agreement, dated April 1, 2008, by and between IdentityMine, Inc. and Entellium N.A and all related statements of work, and upon such payment all Deliverables (as that term is defined in the Master Services Agreement), and all intellectual property rights relating to such Deliverables that have been developed by IdentityMine, Inc. pursuant to the Master Services Agreement, shall become the sole property of the Buyer, and any and all liens held by IdentityMine, Inc. attaching to the Acquired Assets or the sale proceeds shall be forever released. In addition, at Closing, the Buyer shall cause Scott Johnston and Associates to be paid [$2,000] out of the Purchase Price [in satisfaction of certain debts/the amounts] owed by the Debtors under that certain letter agreement, dated July 7, 2008, by and between the Debtors and Scott Johnston and Associates and all related statements of work, and upon such payment all Intellectual Property and Intellectual Property Rights developed pursuant to such letter agreement by or on behalf of Scott Johnston and Associates shall become the

SALE ORDER – Page 10

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

sole property of the Buyer, and any and all liens or interests held by Scott Johnston and Associates attaching to the Acquired Assets or the sale proceeds shall be forever released.

5.     The Rejected Contracts shall be, and hereby are, rejected as of the date ninety (90) days following the date on which Sellers provide the Customer Termination Notice pursuant to section 5.3(e) of the APA. No person or entity shall have any claims, remedies or rights against the Buyer, whether under section 365(n) of the Bankruptcy Code or otherwise, as a result of, in connection with or arising from the rejection of the Rejected Contracts.

6.     Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtors are authorized to and shall sell, and Buyer shall buy, the Acquired Assets on the terms and conditions set forth in the APA free and clear of all Encumbrances of any kind or nature, whether incurred voluntarily or arising by operation of law, in the United States or elsewhere, and all debts arising in any way in connection with any acts of the Debtors or any of their subsidiaries, claims (as that term is defined in the Bankruptcy Code), obligations, liabilities, demands, guaranties, options, rights, contractual commitments, restrictions, interests and matters of any kind and nature, arising prior to the Closing Date or relating to acts occurring prior to the Closing Date, whether imposed by agreement, understanding, law, equity or otherwise, whether in the United States or elsewhere, and whether known or unknown, disclosed or undisclosed, absolute, contingent, inchoate, fixed or otherwise (the foregoing are collectively referred to as "Claims" herein), other than Encumbrances and Claims that are expressly assumed by Buyer in the APA. Any Encumbrances that encumber or are found to encumber or purport to encumber the Acquired Assets, including without limitation the liens of Silicon Valley Bank, shall be transferred to and attach to the net proceeds of the Sale under the APA (after the payments specified herein) to the same extent and in the same priority that they encumbered the Acquired Assets. In furtherance, and not in limitation, of the foregoing, the liens of Middlefield Venture Inc., Malaysian Venture Capital Management Berhad and WestRiver Capital LLC encumbering the Acquired Assets shall transfer to and attach to, the proceeds of the sale of the

SALE ORDER – Page 11

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 08-18286-KAO    Doc 170    Filed 01/21/09    Entered 01/21/09 14:45:51    Page 11 of 20

Acquired Assets with the same validity, priority, and effect as they now have against the Acquired Assets.

7.    In furtherance of the foregoing and except for Claims that Buyer is expressly assuming in Section 1.4 of the APA, Buyer is not assuming nor shall it in any way whatsoever be liable or responsible, as a successor or otherwise, for any Encumbrances or Claims of the Debtors or their subsidiaries or Encumbrances or Claims in any way whatsoever relating to or arising from the Acquired Assets or the business operations of the Debtors and/or their subsidiaries or use of the Acquired Assets, including, without limitation, the Assumed Contracts, on or prior to the Closing Date or any Encumbrances or Claims that in any way whatsoever relate to periods on or prior to the Closing Date or are to be observed, paid, discharged or performed on or prior to the Closing Date (in each case, including any Encumbrances or Claims that result from, relate to or arise out of tort or other product liability claims, in the United States or elsewhere), or any Encumbrances or Claims calculable by reference to the Debtors, their subsidiaries and/or any of their assets or operations, or relating to continuing conditions existing on or prior to the Closing Date, which Encumbrances and Claims are hereby extinguished insofar as they may give rise to successor liability, without regard to whether the claimant asserting any such Encumbrances or Claims has delivered to Buyer a release thereof. Without limiting the generality of the foregoing, Buyer shall not be liable or responsible, as a successor or otherwise, for Encumbrances and Claims, whether calculable by reference to the Debtors, their subsidiaries and/or their operations, or under or in connection with (i) any employment or labor agreements, consulting agreements, severance arrangements, change-in-control agreements or other similar agreements to which one of the Debtors or any of their subsidiaries is a party, (ii) any pension, welfare, compensation or other employee benefit plans, agreements, practices and programs, including, without limitation, any pension plan of one of the Debtors or any of their subsidiaries, (iii) the cessation of the operations of either of the Debtors or any of their subsidiaries, dismissal of employees, or termination of employment or labor agreements or pension, welfare, compensation or

SALE ORDER – Page 12

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

other employee benefit plans, agreements, practices and programs, obligations that might otherwise arise from or pursuant to the Employee Retirement Income Security Act of 1974, as amended, the Fair Labor Standard Act, Title VII of the Civil Rights Act of 1964, the Age Discrimination and Employment Act of 1967, the Federal Rehabilitation Act of 1973, the National Labor Relations Act, the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), the Worker Adjustment and Retraining Notification Act, or any such similar law, statute or regulation in the United States or elsewhere, (iv) workmen's compensation, occupational disease or unemployment or temporary disability insurance claims, (v) environmental liabilities, debts, claims or obligations arising from conditions first existing on or prior to Closing (including, without limitation, the presence of hazardous, toxic, polluting, or contamination substances or wastes), which may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §9601 et seq., (vi) any bulk sales or similar law, (vii) any Claims against, or required to be paid by, the Debtors or any of their subsidiaries for any taxes of any kind for any period, (viii) any Claims for any taxes relating to the operations or Acquired Assets for or applicable to any pre-Closing tax period, including any property taxes, (ix) any Claims for any transfer or similar taxes, (x) any cure amounts payable pursuant to section 365(b)(1)(A), (B) or (C) of the Bankruptcy Code in order to effectuate, pursuant to the Bankruptcy Code, the assumption by the Debtors and assignment to Buyer of the Assumed Contracts, except to the extent that Buyer has assumed such liabilities under the APA, (xi) any Claims of any kind under any contract or lease that is not an Assumed Contract, (xii) any litigation, and (xiii) any products liability or similar Claims, whether pursuant to any federal laws or otherwise.

        8.      The recitation, in the immediately preceding paragraph of this Sale Order, of specific agreements, plans, laws, statutes or regulations is not intended, and shall not be construed, to limit the generality of the categories of Encumbrances and Claims referred to therein.

SALE ORDER – Page 13

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

9. All parties holding Encumbrances or Claims of any kind or nature whatsoever against or in the Debtors or any of the subsidiaries, or the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtors, any of their subsidiaries, the Acquired Assets, the operation of the businesses of the Debtors and/or their subsidiaries prior to the Closing Date, or the transfer of the Acquired Assets to the Buyer, hereby are forever barred, estopped, and permanently enjoined from asserting such persons' or entities' Encumbrances or Claims against the Buyer, its successors or assigns, property, or assets, whether or not a party asserting any such Encumbrance or Claim has delivered to Buyer a release thereof.

10. In the absence of a stay pending appeal, if the Buyer and the Debtors elect to close under the APA at any time after entry of this Order, then, with respect to the Sale, the Buyer, as a Buyer in good faith, shall be entitled to the protections of section 363(m) of the Bankruptcy Code if this Sale Order or any authorization contained herein is reversed or modified on appeal.

11. In the event that any person or entity (as those terms are defined in the Bankruptcy Code) which has filed statements or other documents or agreements evidencing Encumbrances on the Acquired Assets has not delivered in escrow to the Debtors' counsel prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfactions, releases of Encumbrances which such person or entity has with respect to the Acquired Assets, each of the Debtors or the Buyer, on behalf of the Debtors, is, after Closing and payment of the Purchase Price as provided for in the APA, authorized and directed to execute and file or record such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Acquired Assets.

12. All entities that are presently, or on the Closing Date may be, in possession of some or all of the Acquired Assets are hereby directed to surrender possession of said assets to the Buyer on the Closing Date.

SALE ORDER – Page 14

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

13. Each of the Debtors are authorized to execute, acknowledge and deliver such deeds, assignments, conveyances, and other assurances, documents, and instruments of transfer and take such other action that may be reasonably necessary to perform the terms and provisions of the APA, and shall take any other action for purposes of assigning, transferring, granting, conveying, and confirming to the Buyer, or reducing to possession, any or all of the Acquired Assets and to execute such nonmaterial amendments to the APA and related agreements as may be required to effectuate the letter and intent of the APA and the consummation of the Sale to the extent contemplated by the APA.

14. To the extent stamp, documentary, sales and/or other Transfer Taxes are payable, such taxes shall be paid by the Debtors. In the event Transfer Taxes are due and payable, the Debtors are authorized to pay such Transfer Taxes from the proceeds derived from the Sale.

15. At or after the Closing, the Debtors are authorized to pay any expenses or costs that are required to be paid in order to consummate the Sale or perform their obligations under the APA, provided, however, that payment of the SVB Claim and the SVB Success Fee, as defined in the Sale Motion, shall be subject to further Court order. Notwithstanding the foregoing, the SVB Guaranteed Amount, as defined in the APA shall be paid to SVB at Closing.*

16. Any amounts that become payable by the Debtors to the Buyer pursuant to the APA, or any of the documents delivered by the Debtors pursuant to or in connection with the APA shall (a) constitute priority administrative expenses of the Debtors' estates under sections 503(b) and 507 of the Bankruptcy Code and (b) be due and paid by the Debtors in the time and manner as provided in the APA, without further order of this Court.

17. The Assumed Contracts listed on Exhibit B shall, upon assignment to the Buyer, be deemed to be valid and binding and in full force and effect and enforceable in accordance with their respective terms, except as otherwise specifically determined by the Court, notwithstanding any provision in any such Assumed Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer.

* Except for such funds as are authorized or required to be paid at Closing pursuant to this Order, the Debtors shall hold all remaining proceeds

SALE ORDER – Page 15 of the Sale in an account that satisfies the requirements of 11 U.S.C. § 345(b), subject to further Court order.

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

18. Each non-debtor party to an Assumed Contract is hereby forever barred, estopped and permanently enjoined from asserting against the Debtors or the Buyer, or the property of any of them, any default existing as of the date of the Sale Hearing, or any counterclaim, defense, setoff or any other claim asserted or assertable against the Debtors.

19. Other than the Assumed Contracts, Buyer assumes none of the Debtors' other leases and contracts and shall have no liability whatsoever thereunder.

20. Subject to the provisions of the APA, this Court retains jurisdiction to (i) enforce and implement the terms and provisions of the APA, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith, (ii) compel delivery of the Acquired Assets to the Buyer, (iii) compel delivery of the purchase price and all adjustments to the purchase price under the APA, (iv) resolve any disputes, controversies or claims arising out of or relating to the APA, (v) interpret, implement and enforce the provisions of this Sale Order and (vi) protect the Buyer against any Encumbrances, Claims, causes of action or other liabilities of whatever nature that it did not expressly assume under the APA.

21. The provisions of this Sale Order authorizing the Debtors to enter into the APA and authorizing the transactions contemplated thereby shall be self-executing, and neither the Debtors nor the Buyer shall be required to execute or file any releases, termination statements, assignments, consents or other instruments in order to effectuate consummation to implement the foregoing provisions hereof except as expressly provided in the APA. Notwithstanding the foregoing, the Debtors, Buyer and all other parties are authorized and directed to take any and all actions necessary and appropriate to effectuate, consummate and implement fully the APA consistent with their obligations under the APA.

22. This Order is binding upon and inures to the benefit of any successors or assigns of the Debtors or the Buyer, including any trustee appointed in any subsequent case of the Debtors under Chapter 7 or 11 of the Bankruptcy Code.

SALE ORDER – Page 16

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

23. This Sale Order is and shall be (i) effective as a determination that, on the Closing Date and after consummation of the Closing and payment of the Purchase Price as provided for herein, all Encumbrances and Claims existing as to the Acquired Assets prior to the Closing have been unconditionally released, discharged and terminated as charges against the Acquired Assets and/or the Buyer (but not as against any other person or entity or the proceeds of the Sale, to which the Encumbrances attach as previously provided, or as against the Debtors' estates, to which Claims remain assertable), and that the conveyance of the Acquired Assets described herein have been effected, and (ii) binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Acquired Assets.

24. No claim of any kind asserted by the Debtors at any time against any party to any one of the Assumed Contracts shall entitle such party to assert, as against the Buyer, any claim, counterclaim, defense or offset, or affect or impair in any respect the obligations of such party to the Buyer under any one of the Assumed Contracts.

25. The Court hereby orders that the ten-day stays provided for in Bankruptcy Rules 6004(g) and 6006(d) shall not be in effect with respect to the Sale and the other transactions contemplated in the APA (including, without limitation, the assumption and assignment to the Buyer of the Assumed Contracts), and thus this Sale Order shall be effective and enforceable immediately upon entry. Any party objecting to this Order must exercise due diligence in filing an appeal and

SALE ORDER – Page 17

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1

2  pursuing a stay or risk its appeal being foreclosed as moot in the event that the Buyer and the Debtors
elect to close prior to this Order becoming a final, non-appealable order.

3      26.    The provisions of this Sale Order and the APA are non-severable and mutually

4  dependent.

5      27.    Nothing contained in any plan of reorganization or liquidation confirmed in

6  *these Cases or any Order of this Court confirming such plan or any other order entered in these Cases*
shall conflict with or derogate from the provisions of the APA or the terms of this Sale Order.

7

8      28.    The APA and any related agreements, documents or other instruments may be
modified, amended or supplemented by the parties thereto in accordance with the terms thereof

9  without further order of the Court, provided that any such modification, amendment or supplement is

10  not material and has been provided to the Creditors' Committee in a timely manner for review and

11  comment.

12      29.    As soon as is practicable following entry of this Order, the Debtors shall send

13  notice to the United States Trustee (for notice purposes only), the Creditors' Committee and its
SVB and its counsel (with right to participate in mediation)

14  counsel (with right to participate in mediation) and any remaining secured creditors of the Debtors'
if the SVB Claim has not been paid),

15  estates (for notice purposes only), of the date and time selected for a mediation to resolve any

16  allocation issues regarding the Purchase Price and the Sale proceeds with respect to each of the Parent
and the other Sellers (the "Inter-Debtor Allocation"), and that representatives of each Debtor's estate

17  *shall also participate in such mediation.* The Inter-Debtor Allocation shall be independently

18  determined as between the Debtors and their respective estates. This Court shall retain jurisdiction of

19  all issues pertaining to the Inter-Debtor Allocation; provided, however, that, notwithstanding the

20  foregoing, any determination, finding or order of this Court approving, or otherwise relating to, the

21  Inter-Debtor Allocation shall be expressly limited in application solely to the Cases and shall not be

22  binding on the Buyer for tax purposes, including, without limitation, in connection with the filing of
any Tax Return, or otherwise.

23

SALE ORDER – Page 18

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

30.     Pursuant to the terms of the APA the Buyer shall prepare and deliver to the Debtors, within a reasonable period of time (but in no event more than 60 days) after the Closing, a schedule setting forth the Buyer's allocation of the Purchase Price (and the Assumed Liabilities, to the extent properly taken into account under the Code) among the Acquired Assets in accordance with Section 1060 of the Code and the Treasury regulations promulgated thereunder (the "Tax Allocation"). The Tax Allocation shall not be binding or otherwise determinative on or as to any person or entity in connection with the Inter-Debtor Allocation or any proceedings relating thereto, and the Inter-Debtor Allocation shall not be binding or otherwise determinative on or as to any person or entity, including, without limitation, the Buyer and the Tax Authority, in connection with the Tax Allocation or any proceedings related thereto.

**IT IS SO ORDERED.**

Dated: _January 21, 2009_

_Karen A. Overstreet_
**THE HONORABLE KAREN A. OVERSTREET**
**UNITED STATES BANKRUPTCY JUDGE**

SALE ORDER – Page 19

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1606 28001 ua213802

Presented by:

BUSH STROUT & KORNFELD

Katriana L. Samiljan, WSBA #28672
Attorneys for Entellium Corporation


KARR TUTTLE CAMPBELL

George S. Treperinas, WSBA #15434
Attorneys for Entellium N.A.

SALE ORDER – Page 20

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104